Andrew M. Purdy (SBN 261912)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:    415.442.1000
Fax:    415.963.1001
E-mail: apurdy@morganlewis.com

David W. Marston Jr. (to be admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
E-mail: dmarston@morganlewis.com

Amy M. Dudash (to be admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Tel: 302.574.3000
Fax: 302.574.3001
E-mail:  adudash@morganlewis.com

**Attorneys for Defendant Pearson Education, Inc.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUENCH PHOTOGRAPHY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PEARSON EDUCATION, INC., <br><br> Defendant. | Case No. 13-CV-03937-WHO <br><br> **DEFENDANT PEARSON EDUCATION, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF** <br><br> Date:    October 30, 2013 <br> Time:    2:00 pm         . <br> Judge:   District Judge William H. Orrick <br> Courtroom:  12, 19th Floor |

# **TABLE OF CONTENTS**

                                                                 **Page**

NOTICE OF MOTION AND MOTION ................................................................................... 1
ISSUES TO BE DECIDED ........................................................................................................ 1
MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1
    I.     INTRODUCTION ........................................................................................................ 1
    II.    PROCEDURAL HISTORY ........................................................................................ 2
    III.   ARGUMENT ................................................................................................................ 3
          A.     Legal Standard ................................................................................................ 3
          B.     MPI's Complaint Should Be Dismissed for Improper Claim Splitting .................. 4
               1.    *Muench I* and *Muench II* involve the same parties ................................... 5
               2.    *Muench I* and *Muench II* involve the same causes of action and seek identical relief ....................................................................................................... 5
          C.     MPI's Complaint Should Be Dismissed Because it Fails to Allege Sufficient Facts to Support Contributory Infringement Claims ............................. 9
               1.    The Complaint Fails to Adequately Allege Contributory Infringement ........................................................................................................ 9
               2.    MPI Cannot Allege Contributory Infringement Based on Alleged Extraterritorial Infringement ................................................................... 10
    IV.   CONCLUSION .......................................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Adams v. Cal. Dep't. of Health Servs.*,
   487 F.3d 684 (9th Cir. 2007) .................................................................................... *passim*

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................... 3

*Bouchat v. Bon-Ton Dep't Stores, Inc.*,
   506 F.3d 315 (4th Cir. 2007) .......................................................................................... 8

*Capitol Records, Inc. v. Foster*,
   No. CIV. 04- 1569-W, 2007 WL 1028532 (W.D. Okla. Feb. 6, 2007) ......................... 9

*Garcia v. Wachovia Mortg. Corp.*,
   676 F. Supp. 2d 895 (C.D. Cal. 2009) ........................................................................... 4

*Grimsley v. Charles River Labs., Inc.*,
   467 F. App'x 736 (9th Cir. 2012) ................................................................................... 4

*Hennighan v. Insphere Ins. Solutions, Inc.*,
   No. 13–cv–00638–WHO, 2013 WL 4730405 (N.D. Cal. Aug. 29, 2013) ............... 3, 4

*L.A. News Serv. v. Reuters Television Int'l, Ltd.*,
   149 F.3d 987 (9th Cir. 1998) ....................................................................................... 10

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
   658 F.3d 936 (9th Cir. 2011) ......................................................................................... 8

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005) .................................................................................................. 7, 9

*MGA Entm't, Inc., v. Mattel, Inc.*,
   No. 11-01063, 2012 WL 569389 (C.D. Cal. Feb 21, 2012) .......................................... 7

*Mpoyo v. Litton Electro-Optical Sys.*,
   430 F.3d 985 (9th Cir. 2005) .................................................................................. 5, 6, 8

*Muench Photography, Inc. v. Pearson Education, Inc.*,
   12-cv-01927-WHO (N.D. Cal.) ("*Muench I*") .................................................. *passim*

*Murphy v. Wells Fargo Home Mortg.*,
   No 12-6228 SI, 2013 WL 4482671 (N.D. Cal. Aug. 19, 2013) ................................ 2, 5

*Music Sales Ltd. v. Charles Dumont & Son, Inc.*,
   800 F. Supp. 2d 653 (D.N.J. 2009) .............................................................................. 10

*No Cost Conference, Inc. v. Windstream Commc'ns, Inc.*,
  12-CV-1699-GPC WVG, 2013 WL 1629061 (S.D. Cal. Apr. 16, 2013) .............................. 2

*Papasan v. Allain*,
  478 U.S. 265 (1986) ........................................................................................................... 3

*Richtek Tech. Corp. v. UPI Semiconductor Corp.*,
  No 09-05659, 2011 WL 166198 (N.D. Cal. Jan. 18, 2011) ........................................... 3

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ............................................................................................ 3

*Subafilms Ltd. v. MGM-Pathe Commn'cs Co.*,
  24 F.3d 1088 (9th Cir. 1994) (en banc) ..................................................................... 10, 11

*Teixeira v. County of Alameda*,
  No. 12-cv-03288-WHO, 2013 WL 4804756 (N.D. Cal. Sept. 9, 2013) (Orrick, J.) ................. 3

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*,
  718 F.3d 1006 (9th Cir. 2013) .......................................................................................... 9

*Venegas-Hernandez v. Sonolux Records*,
  370 F.3d 183 (1st Cir. 2004) ............................................................................................. 8

*Viesti Assocs., Inc. v. Pearson Educ., Inc.*,
  No. 12-CV-02240-PAB-DW, 2013 WL 4052024 (D. Colo. Aug. 12, 2013) ..................... 9

**STATUTES**

17 U.S.C. §§ 501 *et seq.* ............................................................................................................ 7

17 U.S.C. § 504(c)(1) .............................................................................................................. 7

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 1, 2, 3

Federal Rule of Civil Procedure 8(a)(2) .............................................................................. 3

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on October 30, 2013 at 2:00 p.m. in Courtroom 12 located at 450 Golden Gate Avenue, San Francisco, California, Defendant Pearson Education, Inc. ("Pearson") will, and hereby does, move to dismiss the Complaint (Dkt. No. 1) filed by Plaintiff Muench Photography, Inc. ("MPI").

Pearson respectfully requests that the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for improper claim splitting and failure to state a claim for contributory copyright infringement. This motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the exhibits attached hereto, and all the pleadings, records, and papers in this action, and any further oral and documentary evidence as may be presented at the hearing.

**ISSUES TO BE DECIDED (Civil L.R. 7-4(a)(3))**

Whether MPI's factually deficient complaint should be dismissed as it (i) improperly asserts claims which arise out of the same common nucleus of operative fact as claims that are currently pending before this Court in a separate action, (ii) fails to adequately allege facts giving rise to a plausible inference that Pearson intentionally induced or encouraged direct infringement by a third-party, and (iii) fails to plead a predicate act occurring in the United States.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This is the second lawsuit MPI has filed against Pearson. In *Muench Photography, Inc. v. Pearson Education, Inc.*, 12-cv-01927-WHO (N.D. Cal.) ("*Muench I*"), MPI asserted 485 copyright infringement claims. In the instant action, MPI seeks to assert 485 contributory copyright infringement claims arising from the same photographs and licenses at issue in *Muench I*. MPI filed this action a mere eight days after this Court denied MPI's belated attempt to amend its complaint in *Muench I* to add these same claims. The present lawsuit is an improper attempt to circumvent that Order.[1] Based on Ninth Circuit precedent, this action should be dismissed

---

[1]   MPI's motive is further underscored by the fact that MPI conveniently failed to identify *Muench I* as a related case on the civil cover sheet and failed to file a motion to have the cases

1  because it arises out of the same nucleus of operative facts as the claims in *Muench I*. Indeed,
2  when MPI sought to amend its complaint in *Muench I*, MPI admitted that both the claims in
3  *Muench I* and the claims at issue relate to Pearson's alleged "unauthorized uses of [MPI]'s
4  photographs" and are both based on the same alleged licenses MPI's agent, Corbis Corporation
5  ("Corbis"), granted to Pearson. Such claim splitting is barred by Ninth Circuit precedent.

6        Further, even if the Court were to overlook the impropriety of MPI's current Complaint,
7  the claims for contributory infringement should be dismissed under Rule 12(b)(6) for failure to
8  state a claim upon which relief can be granted. The Complaint is devoid of factual allegations
9  sufficient to demonstrate that Pearson intentionally induced or encouraged any direct
10 infringement – a requirement to state a claim for contributory infringement. Indeed, MPI's
11 allegations demonstrate that its own agent, Corbis, expressly authorized foreign entities to use
12 MPI's photographs in publications. Moreover, the contributory copyright infringement claims
13 fail as a matter of law because MPI has not alleged a domestic predicate act underlying the
14 purported infringement by foreign third-parties.

15 **II.    PROCEDURAL HISTORY**

16       On April 18, 2012, MPI filed its first lawsuit against Pearson asserting 485 claims for
17 copyright infringement and alleging "upon information and belief" that Pearson used MPI's
18 photographs beyond the licenses Pearson obtained from MPI's licensing agent, Corbis. *See*
19 *Muench I*, Dkt. No. 1.[2] On May 14, 2013 – six months after the deadline for amending pleadings
20 and two weeks before the fact discovery deadline – MPI moved for leave to amend the *Muench I*
21 complaint to add 485 claims for contributory copyright infringement arising from the same
22 photographs and licenses at issue in *Muench I*. *See Muench I*, Dkt. No. 36. On August 15, 2013,

---

24 related. On September 16, 2013, the Court granted Pearson's motion to relate the two cases. Dkt.
25 No. 9.
   [2]   Pearson requests that the Court take judicial notice of the filings in *Muench I*. *See, e.g.*,
26 *Murphy v. Wells Fargo Home Mortg.*, No 12-6228 SI, 2013 WL 4482671, at *1 n.1 (N.D. Cal.
   Aug. 19, 2013) (granting parties' request to take judicial notice of documents filed in other cases);
27 *No Cost Conference, Inc. v. Windstream Commc'ns, Inc.*, 12-CV-1699-GPC WVG, 2013 WL
   1629061, at *5 (S.D. Cal. Apr. 16, 2013) ("Judicial notice is particularly appropriate for the
28 court's own records in prior litigation related to the case before it.").

DEFENDANT PEARSON'S NOTICE OF
MOTION AND MOTION TO DISMISS AND       2      13-CV-03937-WHO
MEMORANDUM

the Court denied that motion based on MPI's undue delay in seeking the amendment. *See Muench I*, Dkt. No. 50. Eight days later, MPI commenced this action against Pearson, asserting the same 485 contributory copyright infringement claims.[3] After MPI failed to identify *Muench II* as related to *Muench I* on the civil cover sheet and failed to move to have the cases related, Pearson filed a motion to relate *Muench I* and *II* on September 13, 2013, *see Muench I*, Dkt. No. 63, which the Court subsequently granted on September 16, 2013. *See Muench I*, Dkt. No. 64.

## III. ARGUMENT

### A. Legal Standard

Rule 8(a)(2) requires that a civil complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Hennighan v. Insphere Ins. Solutions, Inc.*, No. 13–cv–00638–WHO, 2013 WL 4730405, at *4 (N.D. Cal. Aug. 29, 2013) (Orrick, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, "a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No 09-05659, 2011 WL 166198, at *2 (N.D. Cal. Jan. 18, 2011) (quoting *Twombly*, 550 U.S. at 545).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] complaint does not suffice if it tenders naked assertions devoid of further factual enhancement." *Teixeira v. County of Alameda*, No. 12-cv-03288-WHO, 2013 WL 4804756, at *4 (N.D. Cal. Sept. 9, 2013) (Orrick, J.) (quoting *Iqbal*, 556 U.S. at 678). Rather, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[3] Although MPI sought leave to amend the complaint to include claims for vicarious and contributory infringement in *Muench I*, MPI's claims in *Muench II* are for contributory infringement only.

on its face.'" *Iqbal*, 556 U.S. at 678. The Court need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *Hennighan*, 2013 WL 4730405, at *3 ("The court need not 'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'") (*quoting W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 900 (C.D. Cal. 2009).

### B. MPI's Complaint Should Be Dismissed for Improper Claim Splitting

In this action, MPI improperly asserts 485 claims of contributory copyright infringement against Pearson stemming from the same photographs and licenses that are at issue in *Muench I*. MPI is aware that the instant claims arise from the same set of facts as the claims in *Muench I*. Indeed, MPI admitted as much when it sought leave to amend the complaint in *Muench I*. Because both *Muench I* and *Muench II* share a common nucleus of facts, they are duplicative and the Court should dismiss this action for improper claim splitting. The Ninth Circuit has held that "the fact that plaintiff was denied leave to amend does not give [it] the right to file a second lawsuit based on the same facts." *Adams v. Cal. Dep't. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007); *see also Grimsley v. Charles River Labs., Inc.*, 467 F. App'x 736, 737 (9th Cir. 2012) ("[Plaintiff]'s options did not, however, include the right to bring his retaliation claim in a new action."). MPI "was required to bring at one time all of the claims against [Pearson] relating to the same transaction or event." *Adams*, 487 F.3d at 693. MPI's reassertion of the claims it previously attempted to assert in *Muench I* – and which the Court rejected based on MPI's undue delay – is an inappropriate "attempt to avoid the consequences of [MPI's] own delay and to circumvent the [Court]'s denial of [MPI's] untimely motion for leave to amend [MPI's] first complaint." *Id.* at 688.

A plaintiff generally cannot "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* "A party is 'not at

liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail." *Murphy*, 2013 WL 4482671, at *4 (quoting *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894)). Dismissal with prejudice is appropriate where, as here, a court has already denied the plaintiff's belated attempt to amend the complaint in the previously-filed action. *See Adams*, 487 F.3d at 692-93 ("Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'"). Under Ninth Circuit law, two lawsuits are duplicative when: (i) both actions involve the same parties, and (ii) the causes of action and the relief sought are the same. *Id.* at 689. Both elements are satisfied here.

### 1.   *Muench I* and *Muench II* involve the same parties

Both *Muench I* and *Muench II* involve the same parties. MPI is the plaintiff in both actions and Pearson is the defendant in both actions. Thus, there can be no dispute that the first factor is met.

### 2.   *Muench I* and *Muench II* involve the same causes of action and seek identical relief

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Adams*, 487 F.3d at 689 (quoting *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)). Courts examine four criteria in applying the transaction test:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Adams*, 487 F.3d at 689 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). The fourth criterion is the "most important," *Adams*, 487 F.3d at 689, and "outcome determinative." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005). In *Adams v. California Department of Health Services*, the Ninth Circuit affirmed the district court's dismissal of the plaintiff's second action where the district court had previously denied the plaintiff's belated motion for leave to amend her complaint because she did not have good cause

for her undue delay in seeking to amend. 487 F.3d at 687. The Ninth Circuit found that the second suit – which included four additional claims that included "new legal theories of recovery" and "distinct rights enforceable by litigants" – involved duplicative claims because the causes of action arose from a common transactional nucleus of facts. *Id.* at 690-91. Here, as in *Adams*, the four part transaction test is met.

First, MPI's allegations in *Muench II* arise from the same transactional nucleus of facts as the allegations in *Muench I*. *Muench I* involved allegations that Pearson infringed the copyrights to MPI's photographs by "us[ing] the Photographs in ways that were not permitted under the limited licenses" granted by Corbis to Pearson, including allegations that "Pearson copied, *distributed* and used the Photographs without authorization." *Muench I*, Dkt. No. 1, ¶¶ 13, 21, 22 (emphasis added). In *Muench II*, MPI again alleges that "Pearson *distributed* the Photographs without permission," that "[u]pon information and belief, Pearson's unauthorized reproduction and distribution to the Third Parties took place in the United States," and that Pearson caused MPI's copyrights "to be infringed by distributing the Photographs to Third Parties *who violated licensed limits* or used the Photographs without any license at all." *Muench II*, Dkt. No. 1, ¶¶ 9, 17 (emphasis added). Both *Muench I* and *Muench II* relate to the same photographs and the same 485 licenses that Corbis granted Pearson, as set forth in *identical* exhibits attached to both complaints. *Compare Muench I*, Dkt. No. 1, Ex. 1*, with Muench II*, Dkt. No. 1, Ex. 1. Indeed, MPI conceded this overlap of nucleus of facts when it sought to add the *Muench II* claims in *Muench I*: "**The heart of this case remains, as it has always been, Pearson's** [alleged] **unauthorized uses of [MPI]'s photographs.**" *Muench I*, Dkt. No. 40, at 5:18-20 (emphasis added). That *Muench I* and *II* both arise from a common nucleus of operative facts should be weighed more heavily "where denial of leave to amend was based on unjustified untimeliness on the part of the plaintiff that would cause unfair prejudice to the defendant." *Mpoyo*, 430 F.3d at 988 (applying criteria for purposes of claim preclusion).

The remaining factors of the transaction test are also met. First, *Muench II* involves the same rights or interests as in *Muench I* because both actions revolve around Pearson's alleged use of MPI's photographs and the licenses Corbis granted to Pearson. Indeed, MPI's own allegations

DEFENDANT PEARSON'S NOTICE OF
MOTION AND MOTION TO DISMISS AND        6        13-CV-03937-WHO
MEMORANDUM

1  demonstrate that Corbis granted licenses to Pearson (or Pearson foreign affiliates) to print
2  publications in multiple languages and/or to distribute publications abroad.  *See, e.g.*, *Muench II*,
3  Dkt. No. 1 at lines 218-23; 430-32; 469-475.  Second, because both actions involve the same
4  photographs and the same licenses, the same substantial evidence would be presented in both
5  actions.  Finally, both suits involve allegations of "infringement of the same right," *Adams*, 487
6  F.3d at 689, because both *Muench I* and *II* are based on alleged "infringement of [MPI]'s
7  copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et. seq." *Muench I*, Dkt. No. 1, ¶
8  29; *Muench II*, Dkt. No. 1, ¶ 22.

9  Additionally, this substantial overlap of facts and evidence in *Muench I* and *II* would
10 make it convenient to try them together.  Indeed, MPI admitted as much when it belatedly sought
11 leave to amend the complaint in *Muench I*.  *See Muench I*, Dkt. No. 36 at 5:4-7; 5:22-6:2; Dkt.
12 No. 40 at 5:20-6:2.  That *Muench II* involves a different legal theory – contributory infringement
13 – which requires MPI to prove that Pearson "intentionally induce[ed[ or encourage[ed]" a third
14 party's copyright infringement, *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S.
15 913, 930 (2005), does not "establish that the instant lawsuit arises out of a different 'transactional
16 nucleus of facts' than that which generated the first suit."  *Adams*, 487 F.3d at 690 (quoting
17 *Costantini*, 681 F.2d at 1202); *cf. MGA Entm't, Inc., v. Mattel, Inc.*, No. 11-01063, 2012 WL
18 569389, at *15 (C.D. Cal. Feb 21, 2012) (holding that allegations of "additional facts do not
19 eliminate the logical relationship between the prior and present claims" in the Rule 13 context).

20 Furthermore, MPI seeks *identical* relief in both *Muench I* and *Muench II*.  *Compare
21 Muench I*, Dkt. No. 1, at 9:10-25*, with Muench II*, Dkt. No. 1, at 5:19-6:7.  For example, in both
22 actions, MPI seeks "[a] permanent injunction against Defendant and anyone working in concert
23 with it from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs."
24 *See Muench I*, Dkt. No. 1, at 9:10-25; *Muench II*, Dkt. No. 1, at 5:19-6:7.  Moreover, MPI seeks
25 statutory damages in both actions.  *Id.*  The Copyright Act, however, mandates that the a
26 copyright owner may elect "an award of statutory damages for ***all infringements involved in the
27 action, with respect to any one work*** for which any one infringer is liable individually, or for
28 which any two or more infringers are liable jointly and severally."  17 U.S.C. § 504(c)(1)

(emphasis added). Thus, MPI's attempt to recover statutory damages from Pearson in *Muench II* for the same works that are at issue in *Muench I* is impermissible under the Copyright Act. *See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 947 (9th Cir. 2011) ("[A] plaintiff may receive a single statutory award for all infringements of any one copyrighted work from either (1) any one defendant, where that defendant is separately liable or (2) multiple defendants, where those defendants are jointly and severally liable."); *see also Bouchat v. Bon-Ton Dep't. Stores, Inc.*, 506 F.3d 315, 330-31 (4th Cir. 2007) (holding that the earliest date of infringement in a line of related copyright violations was the commencement of the infringement for statutory damages purposes and plaintiff could therefore not recover statutory damages where the first infringement "was part of the same line of related infringement" and occurred prior to copyright registration); *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 194 (1st Cir. 2004) ("[T]he total number of 'awards' of statutory damages that a plaintiff may recover in any given action against a single defendant depends on the number of works that are infringed and the number of individually liable infringers and is unaffected by the number of infringements of those works.").

The Court should exercise its discretion to dismiss *Muench II* with prejudice. *Adams*, 487 F.3d at 692-93. Indeed, the Ninth Circuit has stated that dismissal, more than a stay or consolidation of proceedings, "promotes judicial economy and the comprehensive disposition of litigation," by "protect[ing] the parties from vexatious and expensive litigation and [by] serv[ing] the societal interest in bringing an end to disputes." *Id.* (quotation marks and citation omitted). "Permitting these later-filed claims to proceed would create incentive for plaintiffs to hold back claims and have a second adjudication. Denial of leave to amend in a prior action based on dilatoriness does not prevent application of res judicata in a subsequent action." *Mpoyo*, 430 F.3d at 989. The Court therefore should dismiss this action with prejudice to prevent MPI from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." *Adams*, 487 F.3d at 694.

DEFENDANT PEARSON'S NOTICE OF
MOTION AND MOTION TO DISMISS AND
MEMORANDUM

8

13-CV-03937-WHO

### C. MPI's Complaint Should Be Dismissed Because it Fails to Allege Sufficient Facts to Support Contributory Infringement Claims

#### 1. The Complaint Fails to Adequately Allege Contributory Infringement

MPI's Complaint should also be dismissed because it fails to allege facts that give rise to a plausible inference of contributory infringement. "One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another may be held liable as a 'contributory' infringer." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1031 (9th Cir. 2013); *see also Grokster*, 545 U.S. at 930 ("One infringes contributorily by intentionally inducing or encouraging direct infringement."). While MPI identifies four individual instances of a third-party allegedly reproducing MPI's photographs without authorization, MPI fails to allege *any* facts – let alone facts sufficient to give rise to a plausible inference – demonstrating that Pearson "intentionally induc[ed] or encourag[ed]" a third party's copyright infringement, *see Grokster*, 545 U.S. at 937, as "[m]erely supplying means to accomplish infringing activity cannot give rise to imposition of liability for contributory copyright infringement." *See Capitol Records, Inc. v. Foster*, No. CIV. 04-1569-W, 2007 WL 1028532, at *3 (W.D. Okla. Feb. 6, 2007). Inducement requires "active steps taken to encourage direct infringement" and "mere knowledge of infringing potential" is not enough. *Grokster*, 545 U.S. at 936-37.

The only action MPI alleges Pearson took in connection with third parties' use of photographs in translated publications was Pearson's alleged distribution of its publications to third parties. *See* Dkt. No. 1, at ¶ 9. Indeed, nowhere in the Complaint does MPI allege facts to support its conclusory allegations that Pearson "knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute the Photographs without Plaintiff's authorization." *Id.* at ¶ 13. As one court in the District of Colorado recently held in dismissing nearly identically claims for contributory infringement brought by the same attorneys representing MPI in this action, "without additional factual assertions, the Court cannot draw an inference that Pearson enabled, induced, or materially assisted" copyright infringement by third-parties. *Viesti Assocs., Inc. v. Pearson Educ., Inc.*, No. 12-CV-02240-PAB-DW, 2013 WL

4052024, at *7 (D. Colo. Aug. 12, 2013) ("Although the complaint states that Pearson 'transmitted' the photographs, simple transmission does not equate [to] inducement because this element 'premises liability on purposeful, culpable expression and conduct' that is shown by 'affirmative steps taken to foster infringement.'" (quoting *Grokster*, 545 U.S. at 936)).

Similarly, MPI fails to plead any facts to support its conclusory assertion that "[u]pon information and belief, Pearson had the right and ability to control the Third Parties' use of the Photographs." Dkt. No. 1, at ¶ 14. MPI's conclusory assertion is undermined by the few factual allegations that MPI does plead. Specifically, Exhibit 1 of the Complaint lists numerous instances where the photographs at issue are governed by licensing agreements between third-party licensing agency Corbis and individual third-party foreign publishing entities. *See, e.g.*, *id.*, Ex. 1 at lines 83-85, 96-97, 152, 189, 223, 241-42, 297, 355. The mere fact that certain photos were reproduced in translations overseas does not mean that Pearson had control over the quantity and scope of the third parties' reproductions. There is nothing in the Complaint that suggests Pearson had any control over these independently negotiated licenses.

Thus, once MPI's conclusory allegations are stripped away, the remaining facts as pled in the Complaint and exhibits attached thereto lead to the inference that Pearson did not *know*, let alone induce, any alleged third-party infringement – considering that third-parties individually executed licenses with Corbis which set forth parameters for their use of MPI's photographs.

### 2. MPI Cannot Allege Contributory Infringement Based on Alleged Extraterritorial Infringement

To the extent MPI's contributory infringement claim is based on allegations of extraterritorial infringement, the claim also fails because the Copyright Act does not apply to acts of infringement that occur outside of the United States. *See L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 990 (9th Cir. 1998) ("It is settled that the Copyright Act does not apply extraterritorially. For the Act to apply, at least one alleged infringement must be completed entirely in the United States.") (internal citations and quotation marks omitted); *see also Subafilms Ltd. v. MGM-Pathe Commn'cs Co.*, 24 F.3d 1088, 1091 (9th Cir. 1994) (en banc) ("[I]n general, United States copyright laws do not have extraterritorial effect."). Moreover, "the mere

DEFENDANT PEARSON'S NOTICE OF
MOTION AND MOTION TO DISMISS AND           10                           13-CV-03937-WHO
MEMORANDUM

1  authorization of acts of infringement that are not cognizable under the United States copyright
2  laws because they occur entirely outside of the United States does not does state a claim for
3  infringement under the Copyright Act." *Subafilms*, 24 F.3d at 1099; *see also Music Sales Ltd. v.*
4  *Charles Dumont & Son, Inc.*, 800 F. Supp. 2d 653, 658-60 (D.N.J. 2009) (rejecting as
5  "discordant" plaintiffs' request "to hold that any act occurring within the United States that
6  causes the unauthorized use of copyrighted material abroad is actionable"). This is in accord with
7  the United States Copyright Act. "To hold otherwise would produce the untenable anomaly,
8  inconsistent with the general principles of third party liability, that a party could be held liable as
9  an infringer for violating the 'authorization' right when the party that it authorized could not be
10 considered an infringer under the Copyright Act." *Subafilms*, 24 F.3d at 1094.

11    Further, to the extent that the Court considers MPI's lone allegation that "[u]pon
12 information and belief, Pearson's unauthorized reproduction and distribution to Third Parties took
13 place in the United States," *see* Dkt. No. 1, at ¶ 9, as sufficient to plead a domestic predicate act,
14 this allegation regarding Pearson's alleged unauthorized reproduction and distribution is the
15 alleged conduct at issue in *Muench I*, thereby demonstrating that MPI is engaging in
16 impermissible claim splitting by relying on the allegations at issue in *Muench I* to state a claim for
17 contributory infringement in *Muench II*. As Pearson's alleged unauthorized reproduction and
18 distribution was the conduct at issue in *Muench I*, MPI cannot now rely on it to bring an entirely
19 new claim in *Muench II*. *See Adams*, 487 F.3d at 688.

20 **IV. CONCLUSION**

21    For the reasons set forth above, Pearson respectfully requests that the Court dismiss MPI's
22 Complaint with prejudice.

DATED: September 24, 2013

/s/ Andrew M. Purdy

Andrew M. Purdy (SBN 261912)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:    415.442.1000
Fax:    415.963.1001
E-mail: apurdy@morganlewis.com

David W. Marston Jr. (to be admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel:  215.963.5000
Fax:  215.963.5001
E-mail: dmarston@morganlewis.com

Amy M. Dudash (to be admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Tel:  302.574.3000
Fax:  302.574.3001
E-mail:  adudash@morganlewis.com

*Attorneys for Defendant Pearson Education, Inc.*

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105.

On September 24, 2013, I served:

**DEFENDANT PEARSON EDUCATION, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

| ☒ | BY E-FILE: I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: |
|---|---|

Christopher Seidman (SBN 98884)
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, CO 81501
Telephone: (970) 245-9075
Facsimile: (970) 245-8086
chris@harmonseidman.com

Robert W. Crockett (SBN 79918)
Harmon & Seidman LLC
33 Spindrift Passage
Corte Madera, CA 94925
Telephone: (415) 945-1830
robert@harmonseidman.com

Heather R. Norton (SBN 257014)
Harmon & Siedman LLC
2627 18th Avenue
San Francisco, CA 94116
Telephone: (415) 728-3527
heather@harmonseidman.com

Executed on September 24, 2013, at San Francisco, California.

I declare under penalty of perjury that I am a member of the bar of this court and that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　　　*/s/ Andrew M. Purdy*