Andrew M. Purdy (SBN 261912)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.963.1001
E-mail: apurdy@morganlewis.com

David W. Marston Jr. (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
E-mail: dmarston@morganlewis.com

Jody C. Barillare (admitted *pro hac vice*)
Amy M. Dudash (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Tel: 302.574.3000
Fax: 302.574.3001
E-mail: jbarillare@morganlewis.com
adudash@morganlewis.com

**Attorneys for Defendant Pearson Education, Inc.**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MUENCH PHOTOGRAPHY, INC.,

Plaintiff,

v.

PEARSON EDUCATION, INC.,

Defendant.

Case No. 13-CV-03937-WHO

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Date: November 6, 2013
Time: 2:00 pm
Judge: District Judge William H. Orrick
Courtroom: 2, 17th Floor

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ... 1
II. ARGUMENT ... 2
  A. MPI's Complaint Should be Dismissed for Improper Claim Splitting ... 2
  B. The Complaint Fails to Adequately Allege Contributory Infringement ... 6
    1. MPI's Complaint Fails to Plead Facts that Give Rise to a Plausible Inference of Contributory Infringement ... 6
    2. MPI's Complaint Fails to State a Claim as the Alleged Infringement Occurred Outside the United States ... 8
III. CONCLUSION ... 9

**TABLE OF AUTHORITIES**

*Adams v. Cal. Dep't. of Health Servs.*,
487 F.3d 684 (9th Cir. 2007)........................................................................... *passim*

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
65 U.S.P.Q.2d 1954 (S.D.N.Y. 2003)........................................................................ 7

*Capitol Records, Inc. v. Foster*,
No. CIV. 04-1569-W, 2007 WL 1028532 (W.D. Okla. Feb. 6, 2007)...................................... 7

*Costantini v. Trans World Airlines*,
681 F.2d 1199 (9th Cir. 1982)........................................................................ 3, 4

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
MDL No. 765 PHX RCB, 1991 WL 425379 (D. Ariz. Jan. 7, 1991)...................................... 5

*L.A. News Serv. v. Reuters Television Int'l, Ltd.*,
149 F.3d 987 (9th Cir. 1998)........................................................................... 8

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*,
545 U.S. 913 (2005)........................................................................................ 7

*Mpoyo v. Litton Electro-Optical Sys.*,
430 F.3d 985 (9th Cir. 2005)........................................................................ 3, 6

*Newborn v. Yahoo!, Inc.*,
391 F. Supp. 2d 181 (D.D.C. 2005)........................................................................ 7

*Oliney v. Gardner*,
771 F.2d 856 (5th Cir. 1985)........................................................................... 2

*Oxbow Energy, Inc. v. Koch Indus., Inc.*,
686 F. Supp. 278 (D. Kan. May 19, 1988)................................................................ 2

*Robertson v. Nw. Administrators, Inc.*,
No. C98–01974 MMC, 1999 WL 183616 (N.D. Cal. Mar. 26, 1999)...................................... 6

*Subafilms Ltd. v. MGM-Pathe Commn'cs Co.*,
24 F.3d 1088 (9th Cir. 1994) (*en banc*)................................................................ 8

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*,
322 F.3d 1064 (9th Cir. 2003)........................................................................... 4

*Teixeira v. County of Alameda*,
No. 12-cv-03288-WHO, 2013 WL 4804756 (N.D. Cal. Sept. 9, 2013) (Orrick, J.)................. 6

*Tire Eng'g & Distrib., LLC, v. Shangdong Linglong Rubber Co.*,
682 F.3d 292 (4th Cir. 2012)........................................................................... 8

*Viesti Associates, Inc. v. Pearson Education, Inc.*,
No. 12-CV-02240-PAB-DW, 2013 WL 4052024 (D. Colo. Aug. 12, 2013) ....................... 7, 8

**STATUTES**

17 U.S.C. §§ 501 *et. seq.* ........................................................................................................ 5

17 U.S.C. § 504(c)(1) ..................................................................................................... 6

## I. INTRODUCTION

In this action, Plaintiff Muench Photography, Inc. ("MPI") attempts to assert a cause of action it failed to timely assert in an earlier lawsuit against Defendant Pearson Education, Inc. ("Pearson") – *Muench Photography, Inc. v. Pearson Education, Inc.*, 12-cv-01927-WHO (N.D. Cal.) ("*Muench I*"). MPI filed this case ***a mere*** eight days after this Court denied MPI's attempt to add the same contributory infringement claims in *Muench I* due to MPI's undue delay and lack of diligence, and the resulting prejudice to Pearson. The Court should not reward MPI's dilatory tactics by allowing this separate action to proceed.

In its Opposition, MPI concedes that this action is related to *Muench I*. *See* Dkt. No. 14 at 25:3-6.[1] Yet MPI seeks to circumvent the Court's order denying it leave to amend the *Muench I* complaint on the ground that the contributory infringement claims it asserts here are not "identical" to the direct infringement claims it asserted in *Muench I*. In doing so, MPI ignores Ninth Circuit precedent which holds that subsequent claims are barred even if not identical so long as the claims arise out of the same transactional nucleus of operative facts. MPI's counsel effectively conceded this test was met when seeking to unsuccessfully add these contributory infringement claims in *Muench I*: "[t]he heart of this case remains . . . Pearson's [alleged] unauthorized uses of [MPI]'s photographs." *Muench I*, Dkt. No. 40 at 5:18-20.

Pearson also moved to dismiss the Complaint on the basis that it fails to state a claim for contributory infringement. In its Opposition, MPI relies on conclusory assertions to argue it has adequately alleged that Pearson had knowledge of and intentionally induced and encouraged third-parties to infringe. An examination of the Complaint reveals, however, nothing more than a formulaic recitation of the elements of the contributory infringement claim, which falls short of the governing pleading standards. Finally, MPI's contributory infringement claim fails as MPI seeks to collect damages for infringement which allegedly occurred wholly outside of the United States in violation of the Copyright Act's prohibition on extraterritorial application. To the extent MPI bases its Complaint on Pearson's alleged infringement within the United States – this

---

[1] All references to page numbers of documents from the Docket refer to the ECF page number at the top of the document.

conduct is precisely the conduct at issue in *Muench I*, which further demonstrates the impropriety of MPI's attempt to split the claims into two separate lawsuits.

**II. ARGUMENT**

**A. <u>MPI's Complaint Should be Dismissed for Improper Claim Splitting</u>**

MPI's Complaint should be dismissed because it is an improper attempt to litigate claims on a piecemeal basis and circumvent the Court's order in *Muench I* denying MPI's belated effort to add contributory infringement claims to that case. After failing to timely assert these claims in *Muench I*, MPI seeks to litigate a separate action, ignoring the fact that its own unexcused inaction caused the denial of its motion to amend *Muench I*. *See Muench I*, Dkt. No. 50 at 3-4. Allowing MPI to assert the same claims in a separate action would reward MPI for its own undue delay, waste the judicial resources of this Court, and prejudice Pearson by subjecting it to vexatious litigation. *See Adams v. Cal. Dep't. of Health Servs.*, 487 F.3d 684, 688 & n.1 (9th Cir. 2007) (finding plaintiff's tactic to bring a new lawsuit after motion to amend was denied based on plaintiff's undue delay to be "abusive" and stating "[p]laintiffs . . . have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant"); *see also Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) ("[T]he district court must ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints to expand the procedural rights he would otherwise enjoy – particularly for the purpose of circumventing the rules pertaining to the amendment of complaints."); *Oxbow Energy, Inc. v. Koch Indus., Inc.*, 686 F. Supp. 278, 282 (D. Kan. May 19, 1988) ("This district's docket would become clogged and suffer virtual incapacitation if all litigants were allowed to bring a new cause of action every time a motion to amend was denied.").

As the Ninth Circuit has recognized, "the fact that plaintiff was denied leave to amend does not give [it] the right to file a second lawsuit based on the same facts." *Adams*, 487 F.3d at 688. However, that is precisely what MPI is attempting to do in *Muench II*. Dissatisfied with the Court's ruling on its belated motion to amend the complaint in *Muench I* to add contributory infringement claims, MPI now seeks to impermissibly litigate its claims against Pearson in a piecemeal fashion. Tellingly, MPI's discussion of *Adams* accounts for less than two pages of the

Opposition. *See* Dkt. No. 14 at 23-24. Although MPI states in conclusory fashion that the claims in *Muench I* and *Muench II* are "different," such that the latter action is not the result of impermissible claim splitting, MPI fails to apply the test set forth by the Ninth Circuit.

In its Opposition, MPI concedes that the instant action and *Muench I* "could be tried together" and that there is "similarity between the two causes of action." Dkt. No. 14 at 25:3-6. MPI also does not dispute that both *Muench I* and the instant action involve the same licenses and same photographs. The ultimate question in both actions is whether Pearson's conduct violates the terms of the licenses governing the photographs-in-suit. This common outcome-determinative question plainly satisfies the Ninth Circuit's standard for assessing whether two actions are related such that a latter action is barred under the doctrine of claim splitting. *See Adams*, 487 F.3d at 689 ("Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together.").[2] Indeed, each of the criterion that the Ninth Circuit considers in determining whether claims are the "same" for purposes of the claim splitting analysis is satisfied here. *See id.* (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (listing four criteria that court should consider)).

The "outcome determinative" criterion of "whether the two suits arise out of the same transactional nucleus of facts," *see Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987-88 (9th Cir. 2005), is easily satisfied here where both the claims asserted in *Muench I* and the claims asserted in the instant action involve identical photographs and are governed by identical licensing agreements. Indeed, in order to prove its contributory infringement claims in the instant action, MPI will need to prove that it has standing to sue and that the copyrights for the photographs-in-suit were validly registered with the Copyright Office – issues that are the focus

---

[2] Contrary to MPI's unfounded assertion, there is no requirement that claims be identical in order to be barred by the prohibition against claim splitting. *See Adams*, 487 F.3d at 689; *see also Rousseau v. Howard County, Md.*, Civ. No. JFM-09-cv-1079, 2009 WL 4018551, at *2 (D. Md. Nov. 19, 2009) ("The claims need not be identical for the rule against claim splitting to apply. Rather, the suits and claims asserted therein need only arise out of the same transaction or series of transactions or the same core of operative facts.") (internal quotation marks omitted).

of Pearson's motion for summary judgment in *Muench I*. *See, e.g.*, *Muench I*, Dkt. No. 62 at 15-22. Further, in both *Muench I* and the instant action, MPI asserts claims based on Pearson's alleged unlawful distribution of the photographs and use of the photographs in violation of the terms of the licenses between Pearson and third-party Corbis Corporation ("Corbis"). *Compare Muench I*, Dkt. No. 1, ¶¶ 13, 21, 22, *with Muench II*, Dkt. No. 1, ¶¶ 9, 17. Contrary to MPI's assertion, *see* Dkt. No. 14 at 24, the fact that the Court recognized additional time would be necessary for discovery regarding the contributory infringement claims when MPI unsuccessfully attempted to add them to the *Muench I* litigation is of no import to the question of whether the claims arise out of the same transactional nucleus of facts. Although additional discovery would be necessary if the Court permits this action to go forward, this does not alter the fact that the claims are still based upon the same photographs and licenses – topics which were the focus of extensive discovery in *Muench I*.[3]

MPI's reliance on its contention that *Muench I* and the instant action involve different facts, *see* Dkt. No. 14 at 20, is misleading as both the contributory infringement claim asserted in the instant action and the direct infringement claim asserted in *Muench I* require proof of many of the same facts – (1) copyright ownership; (2) valid copyright registration; (3) printing of photographs in excess of the license limits; and (4) some act of infringement occurring within the United States. Moreover, even though contributory infringement requires proof of some additional elements, this does not alter the fact that the contributory infringement claim could and should have been asserted in *Muench I*. Indeed, a party "does not avoid the bar of res judicata merely because he now alleged conduct by [the defendant] not alleged in his prior suit." *Costantini*, 681 F.2d at 1201.[4] Rather, the focus is on whether the later-filed claims arise from the same underlying transaction such that they could have been brought in the earlier action. *See*

---

[3] MPI's assertion that, in *Muench I* Pearson did not provide "information about the use of [MPI]'s photographs by Pearson's foreign subsidiaries and affiliates in foreign language publications[,]" Dkt. No. 14 at 6:15-17, is misleading as this issue was squarely addressed in briefing the motion to amend in *Muench I*. *See Muench I*, Dkt. No. 50 at 4:4-6.

[4] In assessing whether the doctrine of claim splitting bars a subsequent claim, the Ninth Circuit "borrow[s] from the test for claim preclusion." *Adams*, 487 F.3d at 688.

*Adams*, 487 F.3d at 694 (stating claim-splitting doctrine prevents "litigating piecemeal the issues which could have been resolved in one action"); *accord Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (claim preclusion bars relitigation of grounds for recovery that "could have been asserted[] in a previous action between the parties"); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, MDL No. 765 PHX RCB, 1991 WL 425379, at *5 (D. Ariz. Jan. 7, 1991) ("[T]he rule against claim-splitting . . . precludes plaintiff from bringing a separate action on any . . . claims . . . that could have been brought in [plaintiff's first suit] had the motion to amend the complaint to add those claims been brought earlier in the litigation."). MPI's counsel has already admitted these causes of action could have been tried together based on their similarities. *See* Dkt. No. 14 at 25:4-6 ("[MPI] does not dispute that the two causes of action could be tried together [or that there is] similarity between the two causes of action.").

The other criteria of the *Adams* transaction test are also satisfied. First, *Muench I* and the instant action both relate to MPI's effort to recover for claimed unlawful infringement of its copyrights. Thus, the same rights and interests are involved. Second, MPI fails to refute Pearson's claim that because both actions involve the same photographs and the same licenses, the same substantial evidence would be presented in both actions. While MPI contends that "damages available under the two causes of action differ[,]" Dkt. No. 14 at 5:17-18, MPI fails to provide any explanation as to how the damages differ. An examination of the complaints in *Muench I* and *Muench II* reveals that MPI seeks identical relief, such as "[a] permanent injunction against Defendant and anyone working in concert with it from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs" and "statutory damages." *See Muench I*, Dkt. No. 1 at 9:10-25; *Muench II*, Dkt. No. 1 at 5:19-6:7. Finally, MPI fails to address the fact that both suits involve allegations of "infringement of the same right," *Adams*, 487 F.3d at 689, because both *Muench I* and *II* are based on alleged "infringement of [MPI]'s copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et. seq.*" *Muench I*, Dkt. No. 1, ¶ 29; *Muench II*, Dkt. No. 1, ¶ 22.

Additionally, MPI fails to address – let alone rebut – that it impermissibly seeks statutory damages in both the instant action and *Muench I* in violation of the Copyright Act's mandate that a copyright owner may elect "an award of statutory damages for ***all infringements involved in the action, with respect to any one work*** for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." Dkt. No. 11 at 11 (quoting 17 U.S.C. § 504(c)(1) (emphasis added)). In other words, to the extent that MPI seeks statutory damages for each of the photos at issue, it would only be entitled to a single award per photo regardless of whether the theory is direct or indirect infringement. The fact that MPI seeks statutory damages in two separate actions not only establishes that MPI is attempting to circumvent the Copyright Act's damages provisions, but also demonstrates that the damages in these actions are indeed the same. The Court should reject MPI's attempt to seek double-recovery for alleged infringement of its copyrights.

Because all criteria weigh in favor of finding that the instant action and *Muench I* are the "same" for purposes of claim splitting, dismissal with prejudice is appropriate as "[p]ermitting these later-filed claims to proceed would create incentive for plaintiffs to hold back claims and have a second adjudication." *Mpoyo*, 430 F.3d at 989; *see also Adams*, 487 F.3d at 692-93.

**B. <u>The Complaint Fails to Adequately Allege Contributory Infringement</u>**

**1. MPI's Complaint Fails to Plead Facts that Give Rise to a Plausible Inference of Contributory Infringement**

In its Opposition, MPI argues that its laundry list of conclusory allegations regarding Pearson's knowledge of infringement by third-parties and distribution of Pearson's publications containing MPI's photographs to third-parties is sufficient to state a claim for contributory copyright infringement. *See* Dkt. No. 14 at 10. Such "naked assertions devoid of further factual enhancement" are, however, insufficient to withstand a motion to dismiss. *See Teixeira v. County of Alameda*, No. 12-cv-03288-WHO, 2013 WL 4804756, at *4 (N.D. Cal. Sept. 9, 2013) (Orrick, J.). MPI asserts that it offers "specific allegations," Dkt. No. 14 at 14:12, but those allegations are nothing more than unsupported legal conclusions masquerading as factual allegations. *See* Dkt. No. 1, ¶¶ 9-17. Such allegations are not entitled to any weight at the motion to dismiss phase.

*See Robertson v. Nw. Administrators, Inc.*, No. C98–01974 MMC, 1999 WL 183616, at *6 n.5 (N.D. Cal. Mar. 26, 1999) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

Once these conclusory allegations are stripped away, it is apparent that MPI has failed to plead facts giving rise to a plausible inference that Pearson committed contributory copyright infringement. It is well-settled that knowing inducement of infringement requires "active steps taken to encourage direct infringement" and that "mere knowledge of infringing potential" is not enough. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, 545 U.S. 913, 936-37 (2005). MPI's assertion that Pearson transmitted MPI's image to third parties falls far short of knowingly inducing or materially contributing to a third-party's infringement. *See* Dkt. No. 1, ¶ 12; Dkt. No. 14 at 10 (claiming Pearson "facilitated the unlicensed use of [MPI]'s photographs by reproducing and distributing the Photographs without [MPI]'s permission to" third-parties); *see also Capitol Records, Inc. v. Foster*, No. CIV. 04-1569-W, 2007 WL 1028532, at *3 (W.D. Okla. Feb. 6, 2007) ("Merely supplying means to accomplish infringing activity cannot give rise to imposition of liability for contributory copyright infringement."); *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181, 186 (D.D.C. 2005) (same); *Brought to Life Music, Inc. v. MCA Records, Inc.*, 65 U.S.P.Q.2d 1954, 1956 (S.D.N.Y. 2003) ("[A]n allegation that a defendant 'merely provided the means to accomplish an infringing activity' is insufficient to establish a claim for contributory infringement.").

MPI's reliance on its allegation that a few foreign publishing entities printed textbooks containing MPI's photographs without permission, *see* Dkt. No. 14 at 15:16-18, is misplaced as, even if true, this does not demonstrate that Pearson had control over or encouraged these third-parties to print MPI's photographs without permission. MPI fails to acknowledge – as Pearson pointed out in its Opening Memorandum – that by MPI's own allegations foreign publishing entities entered directly into licensing agreements with Corbis. *See* Dkt. No. 11 at 6:10-12. Thus, MPI's own allegations demonstrate that Pearson did not take "active steps" to encourage direct infringement. *See Grokster*, 545 U.S. at 936-37.

The District of Colorado's decision in *Viesti Associates, Inc. v. Pearson Education, Inc.*, No. 12-CV-02240-PAB-DW, 2013 WL 4052024 (D. Colo. Aug. 12, 2013) is directly on point to this case. MPI's cursory attempt to distinguish *Viesti* fails.[5] Although MPI argues that its allegations in the instant action are materially different from the allegations which the Court held to be inadequate in *Viesti*, in reality, the Complaint offers no new allegations that provide the additional factual support the Court found lacking in *Viesti*.[6] MPI's new allegation that "Pearson knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute the Photographs without [MPI]'s authorization" does not save this defective claim. *See* Dkt. No. 14 at 10. This conclusory assertion falls far short of providing "***factual allegations*** describing instances of Pearson encouraging or promoting third parties to infringe [plaintiff]'s photographs" – which the *Viesti* court held would be necessary to make any allegation of knowledge meaningful. *See* 2013 WL 4052024, at *7 (emphasis added). Here, as in *Viesti*, "the Court cannot draw a reasonable inference that Pearson enabled, induced, or materially assisted the misconduct alleged." *Id.*

**2. MPI's Complaint Fails to State a Claim as the Alleged Infringement Occurred Outside the United States**

Recognizing that the United States copyright laws do not have extraterritorial application, MPI asserts that its contributory infringement claim fits within the predicate act exception, *see* Dkt. No. 14 at 18, which provides that "[o]nce a plaintiff demonstrates a domestic violation of the Copyright Act, then, it may collect damages from foreign violations that are directly linked to the

---

[5] MPI cites to two cases from outside this Circuit – *StockFood America, Inc. v. Pearson Education, Inc.* and *Bavendam v. Pearson Education, Inc.* in which other courts permitted contributory copyright infringement claims to proceed. *See* Dkt. No. 14 at 16. These decisions are not binding on this Court and are inconsistent with the well-reasoned *Viesti* opinion. Further, Pearson respectfully submits that these two decisions on which MPI relies were wrongly decided.

[6] MPI points to numerous conclusory allegations to support its claim that it provides "significantly more" factual detail, *see* Dkt. No. 14 at 15; however, as explained above these allegations are not sufficient to defeat a motion to dismiss. Further, these allegations fail to detail how Pearson actively induced or encouraged infringement by third-parties. Additional "detail" that is not relevant to the claims asserted in the instant action plainly cannot save the Complaint from dismissal.

U.S. Infringement." *Tire Eng'g & Distrib., LLC, v. Shangdong Linglong Rubber Co.*, 682 F.3d 292, 307 (4th Cir. 2012).[7] In support of this assertion, MPI relies on the non-binding decisions of two district courts which held that the predicate act exception extends to claims for contributory infringement so long as there is an allegation of completion of one act of infringement within the United States. *See* Dkt. No. 14 at 22-23 (citing *StockFood America, Inc. v. Pearson Education, Inc. and Bavendam v. Pearson Education, Inc.*).[8] *Stockfood* and *Bavendam* are inapplicable here where there is no claim for direct infringement against Pearson. Indeed, MPI cannot assert a claim for direct infringement against Pearson as this is precisely the conduct that is already at issue in *Muench I*. Thus, to the extent the Court's credits MPI's lone allegation that "[u]pon information and belief, Pearson's unauthorized reproduction and distribution to Third Parties took place in the United States," Dkt. No. 1, ¶ 9, this allegation is precisely the conduct at issue in *Muench I*. Thus, the predicate act requirement confirms that MPI is engaged in impermissible claim splitting.

## II. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Pearson's Opening Memorandum, Pearson respectfully requests that the Court dismiss MPI's Complaint with prejudice.

---

7 The predicate act doctrine applies to *damages* arising from direct infringement within the United States; it does not permit a plaintiff to assert claims for contributory infringement arising from direct infringement that occurs outside the United States. *See L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 992 (9th Cir. 1998) ("Nor would a copyright holder be entitled to recover extraterritorial damages unless the damages flowed from extraterritorial exploitation of an infringing act that occurred in the United States."); *see also Subafilms Ltd. v. MGM-Pathe Commn'cs Co.*, 24 F.3d 1088, 1094 (9th Cir. 1994) (*en banc*) (explaining that predicate act doctrine "is premised on the theory that the copyright holder may recover damages that stem from a direct infringement of its exclusive rights that occurs *within* the United States. . . Liability is not based on contributory infringement, but on the theory that the infringing use would have been actionable *even if* the subsequent foreign distribution that stemmed from that use never took place") (emphasis in original). Thus, MPI's reliance on the predicate act doctrine is misplaced as this exception does not apply to its claims for contributory infringement, which are based on foreign entities allegedly committing copyright infringement abroad.

8 For the reasons discussed in footnote 7, *supra*, Pearson respectfully submits that these decisions, which are not binding authority on this Court, were wrongly decided.

Dated: October 15, 2013

*/s/ David W. Marston Jr.*

Andrew M. Purdy (SBN 261912)
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
Email: apurdy@morganlewis.com

David W. Marston Jr. (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
E-mail: dmarston@morganlewis.com

Jody C. Barillare (admitted *pro hac vice*)
Amy M. Dudash (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Tel: 302.574.3000
Fax: 302.574.3001
E-mail: jbarillare@morganlewis.com
adudash@morganlewis.com

*Attorneys for Defendant Pearson Education, Inc.*

**PROOF OF SERVICE**

I am a resident of the State of Delaware and over the age of eighteen years and not a party to the within-entitled action; my business address is 1007 N. Orange Street, Suite 501, Wilmington, Delaware 19801.

On October 15, 2013, I served:

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

| ☒ | BY E-FILE: I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: |
|---|---|

Christopher Seidman (SBN 98884)
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, CO 81501
Telephone: (970) 245-9075
Facsimile: (970) 245-8086
chris@harmonseidman.com

Robert W. Crockett (SBN 79918)
Harmon & Seidman LLC
33 Spindrift Passage
Corte Madera, CA 94925
Telephone: (415) 945-1830
robert@harmonseidman.com

Heather R. Norton (SBN 257014)
Harmon & Siedman LLC
2627 18th Avenue
San Francisco, CA 94116
Telephone: (415) 728-3527
heather@harmonseidman.com

Executed on October 15, 2013, at Wilmington, Delaware.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct.

*/s/ Amy M. Dudash*