UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUENCH PHOTOGRAPHY, INC., <br><br>   Plaintiff, <br><br>   v. <br><br> PEARSON EDUCATION, INC., <br><br>   Defendant. | Case No. 13-cv-03937-WHO <br><br> **ORDER GRANTING WITH LEAVE TO AMEND PEARSON EDUCATION, INC.'S MOTION TO DISMISS** <br><br> Re: Dkt. No. 11 |

## INTRODUCTION

Plaintiff Muench Photography, Inc. ("MPI"), brings this action against defendant Pearson Education, Inc. ("Pearson"), alleging contributory copyright infringement and seeking injunctive relief, monetary damages, attorney's fees, and costs. Pearson moves to dismiss the action, arguing that it is barred due to improper claim splitting and that MPI's Complaint fails to adequately allege facts to support its claims. Based upon the parties' briefs and arguments, and for the reasons below, the Motion to Dismiss is GRANTED WITH LEAVE TO AMEND.

## BACKGROUND

### I. FACTUAL BACKGROUND

The Court accepts the following factual allegations in MPI's Complaint as true for the purposes of the Motion to Dismiss:

MPI owns the copyrights to the 485 photographic images listed in Exhibit 1 of the Complaint (the "Photographs"). Compl. (Dkt. No. 1) ¶ 6. The Photographs were registered with the United States Copyright Office. *Id.* ¶ 7.

Pearson, which publishes educational textbooks, "facilitated the unlicensed use of the Photographs in various educational publications" by "distribut[ing] the Photographs without

permission to other entities, subsidiary companies, divisions, affiliates and/or third parties" ("Third Parties"). *Id.* ¶¶ 3, 8-9. "Pearson permitted Third Parties to distribute Pearson's publications containing the Photographs in new territories, to translate its publications into new languages, and to adapt its publications for distribution in additional territories." *Id.* ¶ 9. Pearson's reproduction and distribution of the Photographs to the Third Parties occurred in the United States. *Id.*

Pearson enabled the international distribution of its publications partly through its United States-based international rights management group ("IRMG"), whose stated mission is "to maximize the number of translations and local versions published that are based upon products of Pearson." *Id.* ¶ 10. The IRMG facilitates "approximately 4,000 third-party licenses annually, which includes translations in approximately 50 languages read around the world." *Id.*

The Third Parties translated Pearson's textbooks "into additional languages or published them in local adaptations or reprints. The Third Parties included the Photographs in these publications without [MPI's] permission." *Id.* ¶ 11. MPI provides three examples of textbooks published by Third Parties that include unauthorized reproductions of MPI's photographs. *Id.*

In disseminating the Photographs to the Third Parties, "Pearson enabled, induced, caused, facilitated, or materially contributed to the Third Parties' unauthorized reproduction and distribution of the Photographs." *Id.* ¶ 12. Pearson "knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute the Photographs without [MPI's] authorization"; Pearson also knew that the Third Parties in fact did so. *Id.* ¶¶ 13, 15. Furthermore, "Pearson had the right and ability to control the Third Parties' use of the Photographs" and "directly profited from its reproduction and distribution of the Photographs to the Third Parties." *Id.* ¶¶ 14, 16.

Only Pearson "knows the full extent to which it has caused [MPI's] copyrights to be infringed by distributing the Photographs to Third Parties who violated licensed limits or used the Photographs without any license at all." *Id.* ¶ 17. Before initiating this action, MPI "asked Pearson for information regarding its distribution of [MPI's] Photographs to Third Parties," but "Pearson refused to provide that information." *Id.* ¶ 18.

## II. PROCEDURAL BACKGROUND

On April 18, 2012, in an earlier action filed with the Court, MPI accused Pearson of direct copyright infringement and sought injunctive relief, damages, attorneys' fees, and costs. *Muench Photography, Inc. v. Pearson Educ., Inc.* ("*Muench I*"), No. 12-cv-01927-WHO (N.D. Cal. Apr. 18, 2012).[1] Unlike this case ("*Muench II*"), *Muench I* did not include a cause of action alleging contributory copyright infringement.

On May 14, 2013, MPI moved for leave to amend its Complaint in *Muench I* to add contributory and vicarious copyright infringement claims. *Muench I*, Dkt. No. 36 at 1. Pearson opposed the motion and argued that MPI's new claims were different than the ones MPI had been pursuing to date and that the international discovery required would substantially delay the trial. *Muench I*, Dkt. No. 37 at 8-9. The Court denied the motion because MPI had unduly delayed bringing it since it came "over six months after the deadline for amending pleadings and 17 days before the deadline for fact discovery," and because granting it would prejudice Pearson. *Munech I*, Dkt. No. 50 at 1.

On August 23, 2013, MPI filed this action, alleging contributory copyright infringement against Pearson in violation of the Copyright Act. Compl. ¶¶ 21-23. On September 13, 2013, Pearson filed a motion to relate *Muench I* and this action, *Muench I*, Dkt. No. 63, which the Court granted on September 16, 2013, *Muench I*, Dkt. No. 64.

On September 12, 2013, Pearson moved for summary judgment in *Muench I*. *Muench I*, Dkt. No. 62. The Court granted the motion on November 19, 2013. *Muench I*, Dkt. No. 77.

### LEGAL STANDARD

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519

---

[1] Pearson requests that the Court take judicial notice of the filings in *Muench I*. Mot. to Dismiss (Dkt. No. 11) 2 n.2. Because court documents are materials appropriate for judicial notice, the request is GRANTED. *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

United States District Court
Northern District of California

1 F.3d 1025, 1031 (9th Cir. 2008), drawing all reasonable inferences from those facts in the

2 nonmoving party's favor. *Knievel v. ESPN*, 393 F.3d 1068, 1080 (9th Cir. 2005). A complaint

3 may be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its

4 face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when

5 the pleaded factual content "allows the court to draw the reasonable inference that the defendant is

6 liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a

7 complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement."

8 *Id*. (quotation marks and brackets omitted).

## DISCUSSION

10 In its Motion to Dismiss, Pearson argues that MPI's Complaint should be dismissed

11 because MPI improperly splits claims and does not allege adequate facts. Br. 4-11. As detailed

12 below, the Court finds that this case is not duplicative of *Muench I* but that MPI does not allege

13 adequate facts to overcome a motion to dismiss.

### I. MPI DOES NOT IMPROPERLY SPLIT CLAIMS.

15 In determining whether a lawsuit is duplicative of another action, courts in the Ninth

16 Circuit apply the same test for claim preclusion by "examin[ing] whether the causes of action and

17 relief sought, as well as the parties . . . are the same."[2] *Adams v. Cal. Dep't. of Health Servs.*, 487

18 F.3d 684, 688-89 (9th Cir. 2007).

19 To determine whether the causes of action are the same, courts examine four factors: "(1)

20 whether rights or interests established in the prior judgment would be destroyed or impaired by

21 prosecution of the second action; (2) whether substantially the same evidence is presented in the

22 two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the

23 two suits arise out of the same transactional nucleus of facts." *Harris v. Jacobs*, 621 F.2d 341,

24 343 (9th Cir. 1980). The fourth of these factors "is the most important," *Costantini v. Trans*

25 *World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982), and may itself be decisive, *Int'l Union of*

26 *Operating Eng'rs v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993). The Ninth Circuit has applied the

---

[2] The privity element is met here because the parties are the same in both cases.

4

1    claim preclusion test by only looking to the fourth factor without reaching the other criteria. *See,*

2    *e.g.*, *C.D. Anderson & Co, Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (holding that

3    second suit was barred solely because it arose out of the same transactional nucleus of facts as the

4    first suit).

**A. The Causes of Action Are Not Identical.**

Pearson argues that MPI's allegations in this case "arise from the same transactional nucleus of facts as the allegations in *Muench I*." Mot. to Dismiss 6. In support of this argument, Pearson emphasizes that *Muench I* alleges that Pearson "*distributed* . . . the Photographs without authorization," and in this case, MPI "again alleges that Pearson *distributed* the Photographs without permission." *Id.* (quotation marks omitted). Pearson also highlights that "[b]oth *Muench I* and *Muench II* relate to the same photographs and the same 485 licenses" granted to Pearson, which were "set forth in *identical* exhibits attached to both complaints." *Id.* Pearson claims that MPI "conceded" that the two actions share a common nucleus of facts when MPI stated that "[t]he heart of this case remains, as it has always been, Pearson's . . . unauthorized uses of MPI's photographs." *Id.* (quoting *Muench I*, Dkt. No. 40 at 5) (emphasis and brackets omitted). Pearson also contends that the two cases are duplicative because the other factors of the transaction test are met given that both actions involve the same interests, rights, and evidence. *Id.* at 7.

The Court is unconvinced by Pearson's argument that *Muench I* and *Muench II* assert the same cause of action. *Munech I* is an action for direct copyright infringement whereas *Muench II* alleges contributory copyright infringement. In particular, *Muench I* concerns Pearson's own use of the Photographs that allegedly violates licenses granted to it. *Muench I* Compl. (*Muench I*, Dkt. No. 1) ¶¶ 9-13, 19-23. On the other hand, *Muench II* concerns Pearson's alleged authorization and facilitation of third parties' attempts "to distribute Pearson's publications containing the Photographs in new territories, to translate its publications into new languages, and to adapt its publications for distribution in additional territories." Compl. ¶ 9. Though related, the two actions are ultimately premised upon different theories and different facts.

The language of *Muench II*'s Complaint supports this conclusion. For example, it says that "[b]y transmitting the Photographs to Third Parties, Pearson *enabled*, *induced*, *caused*, *facilitated*

5

or *materially contributed* to the Third Parties' unauthorized reproduction and distribution of the Photographs." *Id.* ¶ 12 (emphasis added). The Complaint focuses on Pearson's alleged indirect connection to the Third Parties' direct infringement, rather than Pearson's own alleged direct infringement. By contrast, the complaint in *Muench I* focuses on how "*Pearson used* the Photographs in ways that were not permitted under the limited licenses Pearson had obtained." *Muench I* Compl. ¶ 13 (emphasis added). Thus, the two suits do not "arise out of the same transactional nucleus of facts."

For the same reasons, the evidence relevant to this case is likely to be different. Whereas *Muench I* requires showing that Pearson itself exceeded any license it had or reproduced images without a license, this case requires showing Pearson's interactions with third parties abroad and how Pearson facilitated the alleged contributory infringement. Pearson itself acknowledges this. Reply 4. The Court is also unaware of why any judgment in *Muench II* would destroy or impair any rights and interests by any judgment in *Muench I*, and Pearson has not adequately explained why it would.

Pearson relies on *Adams v. California Department of Health Services* to support its contention that this action should be barred, noting that the Ninth Circuit held that "the fact that plaintiff was denied leave to amend does not give [it] the right to file a second lawsuit based on the same facts." Br. 4 (quoting *Adams*, 487 F.3d at 688). In *Adams*, after the district court denied the plaintiff's motion for leave to amend her complaint, the plaintiff filed a second action asserting the same allegations she attempted to bring previously. *Adams*, 487 F.3d at 687. After the district court "determined that Adams'[ ] newly filed complaint was duplicative of the complaint she had previously filed in the other case, . . . the court dismissed the new complaint with prejudice." *Id.* at 687-88. On appeal, the Ninth Circuit affirmed, finding that the two actions "share a common transactional nucleus of facts" and that "any judgment in the present action necessarily would destroy or impair rights and interests established by the judgment in the first action." *Id.* at 690.

Pearson's reliance on *Adams* is misplaced because this action is not based on the same facts as those for which the Court denied leave to amend. *Muench I* is premised upon Pearson's own alleged infringement in the United States and *Muench II* involves allegations that Pearson

6

assisted third parties in their infringement abroad. While there are certainly related facts between *Muench I* and *Muench II*, MPI's claims will ultimately depend upon different proof.

Pearson quotes *Mpoyo v. Litton Electro-Optical Systems* for the proposition that "[i]t is [ ] appropriate to weight more heavily the common nucleus of operative fact criterion [ ] where denial of leave to amend was based on unjustified untimeliness on the part of the plaintiff that would cause unfair prejudice to the defendant." 430 F.3d 985, 988 (9th Cir. 2005). But there, the court was considering a situation in which the plaintiff sought to add claims based on the same alleged actions of the defendant. Here, as explained above, the challenged conduct is different from the challenged conduct in *Muench I*. The cases cited by Pearson are inapplicable here.

### B. The Relief Sought Is Not Identical.

Pearson argues that MPI "impermissibly seeks statutory damages" in both cases "in violation of the Copyright Act's mandate that a copyright owner may elect 'an award of statutory damages for ***all infringements involved in the action, with respect to any one work*** . . . .'" Reply 6 (quoting 17 U.S.C. § 504(c)(1)) (original emphasis). Pearson asserts that MPI "would only be entitled to a single award per photo" and that these two suits "demonstrate[] that the damages in these actions are indeed the same." Reply 6.

Pearson's argument is belied by its own quotation of the statute's text. As Pearson acknowledges, the Act only states that a plaintiff "may elect" to receive damages in the manner described, not "must." In addition, the statute only refers to "infringements involved *in the action*," not all actions that could ever be brought. Pearson's interpretation would lead to the untenable result that a plaintiff could not recover from a defendant if that defendant again infringes upon the plaintiff's copyright after a case has ended. Further, the Act explicitly provides for "actual damages and profits" instead of statutory damages. 17 U.S.C. § 504(b). MPI is seeking relief for a separate set of acts, not the same acts as those alleged in *Muench I*. Nothing about the damages MPI seeks in this suit shows that the suit is improper.

### II. THE COMPLAINT DOES NOT ALLEGE SUFFICIENT FACTS.

A defendant is liable for contributory copyright infringement if it "(1) knew of the direct infringement; and (2) [ ] either induced, caused, or materially contributed to the infringing

7

conduct." *Luvdarts, LLC v. A.T. & T. Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013). Pearson argues that "MPI's Complaint should also be dismissed because it fails to allege facts that give rise to a plausible inference of contributory infringement," and that MPI's Complaint rests on "conclusory allegations." Br. 9-10. MPI responds that its allegations are sufficient, particularly since Pearson controls the information that would allow it to plead facts more specifically.

The sufficiency of this pleading is a close question on which federal district courts have diverged when assessing similar complaints. Pearson relies on *Viesti Associates, Inc. v. Pearson Education, Inc.*, No. 12-cv-02240, 2013 WL 4052024 (D. Colo. Aug. 12, 2013), where the plaintiff brought a claim against Pearson for contributory copyright infringement and alleged substantially similar facts as those alleged in this case. *Viesti*, 2013 WL 4052024, at *7. The *Viesti* court granted Pearson's motion to dismiss, finding that the plaintiff's allegations were insufficient because they did not contain factual assertions "describing instances of Pearson encouraging or promoting third parties to infringe" upon the plaintiff's photographs and were "nothing more than a recitation of one element of a contributory copyright infringement claim." *Viesti*, 2013 WL 4052024, at *7, *9.

MPI points to *StockFood America, Inc. v. Pearson Education, Inc.*, No. 12-cv-124, 2012 WL 5986791 (D. Me. Nov. 29, 2012), and *Bavendam v. Pearson Education, Inc.*, No. 13-cv-3096, 2013 WL 5530008 (D.N.J. Oct. 3, 2013), where the factual allegations were similar to those here and in *Viesti*, but the courts found them to sufficiently plead a claim of contributory infringement. Opp'n 12-13. In *StockFood*, the plaintiff alleged "that Pearson knew when it reproduced and distributed the Photographs that the Third Parties would reproduce and distribute them without StockFood's authorization and knew that the Third Parties were in fact doing so." *StockFood Am.*, 2012 WL 5986791, at *6. The plaintiff also alleged "that, pursuant to licenses between Pearson and the Third Parties, Pearson transmitted electronic files containing the Photographs to the Third Parties knowing that they (the Third Parties) would reproduce and distribute the Photographs without StockFood's permission." *Id.* These allegations, the court held, "suffice to show that Pearson induced, caused, or materially contributed to the Third Parties' infringement." *Id.* The court in *Bavendam* also found sufficient a complaint alleging "third-party infringement, Pearson's

8

1    knowledge of that infringement, and material contribution in the form of reproduction,

2    transmission, and facilitation" since it supplied "enough facts to survive a motion to dismiss

3    because, if accepted as true, [the] factual allegations state a claim to relief that is plausible on its

4    face." *Bavendam*, 2013 WL 5530008, at *5 (citation and quotation marks omitted).

5          The Court agrees with the reasoning in *Viesti* and finds that MPI has failed to sufficiently

6    allege facts to support its claim of contributory infringement. MPI relies on 'information and

7    belief' allegations regarding Pearson's knowledge that the Third Parties would reproduce and

8    distribute the Photographs, that Pearson had the right and ability to control the Third Parties' use

9    of the Photographs, and that Pearson knew that the Third Parties were distributing the Photographs

10   without permission, but never explains the factual bases for those beliefs. *See United States v.*

11   *Ctr. for Diagnostic Imaging, Inc.*, 787 F. Supp. 2d 1213, 1221 (W.D. Wash. 2011) ("A plaintiff

12   relying on 'information and belief' must state the factual basis for the belief."). Without factual

13   allegations describing in greater detail the instances of Pearson's inducing, causing, facilitating, or

14   materially contributing to third-party infringement, "the [C]omplaint does not permit the Court to

15   infer more than the mere possibility of Pearson's misconduct." *Viesti*, 2013 WL 4052024, at *7.

16   While MPI argues that its Complaint alleges more than the *Viesti* complaint because the *Viesti*

17   plaintiffs did not allege that the defendant knew of the potential for third-party infringement,

18   whereas MPI does here, MPI's one conclusory assertion that "Pearson knew when it reproduced

19   and distributed the Photographs that the Third Parties would reproduce and distribute the

20   Photographs without Plaintiff's authorization" is not enough for the Complaint to state a claim.

21   Compl. ¶ 13. As the Ninth Circuit held, "conclusory allegations that the [defendant] had the

22   required knowledge of infringement are plainly insufficient." *Luvdarts*, 710 F.3d at 1072.

23         "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

24   statements, do not suffice," but that is all MPI provides. *Iqbal*, 556 U.S. at 678 (noting that "more

25   than an unadorned, the-defendant-unlawfully-harmed-me accusation" is required). MPI must

26   provide the basis for its "information and belief" allegations and assert "factual allegations

27   *describing instances* of Pearson encouraging or promoting third parties to infringe" in order to

28   support a plausible claim for relief. *Viesti*, 2013 WL 4052024, at *7 (emphasis added). No such

1 factual allegations are present in the Complaint, and so MPI does not state a plausible claim of
2 contributory copyright infringement.

### CONCLUSION

For the reasons above, the defendant's Motion to Dismiss is GRANTED with leave to amend within 30 days of the date of this Order.

**IT IS SO ORDERED**.

Dated: November 25, 2013



WILLIAM H. ORRICK
United States District Judge